# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:                                                          Case No. 07-13714
                                                                Hon. Gerald E. Rosen
COLLINS & AIKMAN CORP., *et al.,*
                                                                Bankr. Case No. 05-55927
      Debtors.                                                Chapter 11
_____/                                 Hon. Steven W. Rhodes

VISTEON CORP.,

      Appellant,

v.

COLLINS & AIKMAN CORP.*,*

      Appellee.
_____/

## OPINION AND ORDER AFFIRMING
## BANKRUPTCY COURT'S ORDERS CONFIRMING FIRST
## AMENDED JOINT PLAN AND DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      September 29, 2009

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

      Through a notice of appeal filed on September 4, 2007, Appellant Visteon Corp. ("Visteon") challenges the Bankruptcy Court's July 18, 2007 order confirming the first amended joint plan of Collins & Aikman Corporation and its debtor subsidiaries (collectively "Debtors"), as well as the Bankruptcy Court's subsequent August 21, 2007

order denying Visteon's motion for reconsideration.[1] As the basis for these challenges, Visteon asserts that it was the victim of a "misunderstanding" between its counsel and Debtors' counsel, and it argues that the Bankruptcy Court abused its discretion by failing to provide relief from this "misunderstanding" that would have permitted Visteon to continue to pursue a setoff claim against Debtors. As explained below, this Court finds that Visteon and its counsel have failed to establish a palpable defect or excusable neglect that would warrant reversal of the challenged rulings. Accordingly, the Bankruptcy Court's rulings are affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 2005, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter, on June 14, 2005, Appellant Visteon Corp. filed a "Motion for Relief from Stay to Effect Setoff" (the "Setoff Motion"), arguing that it should be permitted to set off approximately $2.2 million in debts allegedly owed by Collins & Aikman to Visteon against pre-petition debts of approximately $403,000 owed by Visteon to Collins & Aikman. Debtors filed a response to this motion on September 2, 2005, arguing (i) that Visteon could not establish the requisite mutuality of obligations to warrant a setoff, and (ii) that a third party, General Electric Capital Corporation ("GECC"), held a security interests in the receivables owed by Visteon to Debtors, and

---

[1] Visteon filed separate appeals from these two orders, but these two appeals were consolidated into the above-captioned case.

that GECC took this interest free and clear of any claimed right of setoff.[2]

Pursuant to the parties' stipulations, the scheduled hearing on the Setoff Motion was adjourned several times while the parties attempted to negotiate a resolution to their dispute. Ultimately, before the matter could be heard, Visteon and Debtors entered into a November 7, 2005 stipulation under which the Setoff Motion was withdrawn, but "without prejudice to Visteon's right to refile the Motion at a later date." (11/7/2005 Stipulation.) According to Visteon's brief on appeal, this stipulation was the result of "[l]engthy discussions and negotiations between Visteon, the Debtors and GECC," during which "Collins & Aikman requested that Visteon withdraw its Setoff Motion because it intended to resolve GECC's secured claim in the near future, at which time Collins & Aikman would no longer have reason for asserting its primary objection to Visteon's Setoff Motion." (Visteon's Br. on Appeal at 1-2.)[3] Although the stipulation preserved Visteon's right to re-file the Setoff Motion, it never did so.

On December 22, 2006, Debtors filed the "First Amended Joint Plan of Collins &

---

[2] At around the same time, on September 9, 2005, GECC commenced an adversary proceeding against Collins & Aikman and Visteon, seeking a declaration that its security interest in the receivables owed by Visteon was superior to Visteon's claimed right of setoff.

[3] The Court notes that there is not the slightest evidence in the record to support Visteon's assertions in its brief about the representations purportedly made by Collins & Aikman during the parties' discussions about a possible resolution of the Setoff Motion. The above-quoted statements in Visteon's brief on appeal are unaccompanied by any citation whatsoever to the record. Similarly, in its motion for reconsideration filed with the Bankruptcy Court, Visteon offered precisely the same characterization of the parties' "discussions and negotiations," (*see* Visteon's 7/30/2007 Motion for Reconsideration, Br. in Support at 2), once again without any citation to the record.

3

Aikman Corporation and its Debtor Subsidiaries" (the "Plan"), along with a disclosure statement. On February 9, 2007, the Bankruptcy Court entered an order approving the disclosure statement and establishing an April 9, 2007 deadline for filing and serving written objections to confirmation of the Plan. This deadline subsequently was extended to May 7, 2007.[4] Although Debtors received approximately 45 objections prior to this deadline,[5] and although some 22 attorneys appeared at the July 12, 2007 hearing on confirmation of the Plan to represent parties with interests in this matter, Visteon neither filed objections nor appeared at the July 12 hearing.

According to Visteon's brief on appeal, during the period in the first half of 2007 when the confirmation of the Plan was pending before the Bankruptcy Court, Visteon's counsel initiated discussions and communications with Debtors' counsel regarding Visteon's claimed right of setoff.[6] Specifically, Visteon states that its counsel sent an e-mail to Debtors' counsel on February 2, 2007, requesting that Debtors stipulate to the entry of an order allowing Visteon to effect a setoff in light of the apparent resolution of GECC's challenge to this setoff. Visteon further asserts that its counsel continued to

---

[4]As noted in Debtors' response brief on appeal, Visteon was served with copies of the orders establishing and extending the deadline for filing objections.

[5]Debtors further indicate in their response brief on appeal that several objections were filed after the deadline pursuant to agreed-upon extensions.

[6]Again, this portion of Visteon's brief on appeal is unadorned by any citations to the record.. Rather, the only evidence in the record regarding the parties' discussions during this period is the affidavit of attorney Patrick J. Kukla, one of Debtors' attorneys, that was submitted to the Bankruptcy Court as an exhibit to Debtors' response in opposition to Visteon's motion for reconsideration.

4

pursue this matter with Debtors' counsel and "indicated that Visteon was prepared to re-file its Setoff Motion," but that "Collins & Aikman's counsel told Visteon's counsel . . . that Visteon should refrain from re-filing its Setoff Motion because he believed that the parties could resolve their dispute." (Visteon's Br. on Appeal at 2.) Finally, Visteon asserts that its counsel spoke by telephone with Debtors' counsel on June 4, 2007, and that Debtors' counsel stated during this call (i) that he was "trying to get someone higher up to focus on [the setoff] issue" but that everyone was busy with another matter, and (ii) that he nonetheless was "certain that 'he [could] get it resolved'" once a scheduled hearing on the other matter had concluded. (*Id.* at 2-3.)[7] Based on these discussions, Visteon claims that it "was assured that the Debtors would ultimately stipulate to entry of an Order allowing Visteon to exercise its right of setoff." (*Id.* at 3.)

Following the July 12, 2007 hearing, the Bankruptcy Court entered a July 18, 2007 order confirming the Plan. Paragraph 5 of this order provided, *inter alia,* that all parties who held claims, debts, or liabilities that were "paid, compromised or otherwise classified" under the Plan were "permanently enjoined" from taking certain actions, including "asserting a setoff . . . against any debt, liability or obligation due to the

---

[7] Visteon identifies Patrick Kukla as the Debtors' counsel who made these statements. Yet, Mr. Kukla's affidavit — which, as noted, is the only evidence in the record on this point — states that "[a]t no point" during his June 4, 2007 telephone call with Visteon's attorney, Dawn Copley, did he (i) "agree to grant or provide Visteon with a right of setoff," (ii) "agree or assure [Ms. Copley] that the issues surrounding Visteon's alleged right of setoff would be resolved in Visteon's favor," or (iii) "advise [Ms. Copley] that Visteon did not need to file an objection to the Plan in order to preserve Visteon's alleged right of setoff." (Debtors' Response to Visteon's Motion for Reconsideration, Ex. A, Kukla Aff. at ¶¶ 6-8.)

Debtors."  (7/18/2007 Order at 19-20.)  According to Visteon's brief on appeal, this provision failed to "memorialize[] Collins & Aikman's representations that Visteon would be able to effect its setoff," (Visteon's Br. on Appeal at 3), but to the contrary enjoined Visteon from asserting its claimed right of setoff.

In response to the July 18 order, Visteon filed a July 30, 2007 motion for reconsideration, arguing that the order was the result of a "palpable defect" by which the Bankruptcy Court had been misled.  In a terse one-page argument in support of this motion, Visteon identified this "palpable defect" as follows:

> During the time in which Visteon and the Debtors had been in active contact to resolve Visteon's setoff, the Debtors filed [their] First Amended Plan without any consideration as to Visteon's setoff rights.  Because Visteon's right to refile the Setoff Motion had been preserved in the Stipulation,[8] it was reasonable for Visteon to rely on the Debtors' repeated assurances that the issue of Visteon's setoff would be resolved and Visteon would be able to exercise its setoff.  The failure of the First Amended Plan to address the Stipulation is a palpable defect that must be corrected.

(Visteon's 7/30/2007 Motion for Reconsideration, Br. in Support at 4.)  Nowhere in this motion did Visteon acknowledge any obligation to file objections to the Plan, nor did it contend that its failure to do so was a product of excusable neglect.

The Bankruptcy Court initially set this motion for hearing on August 27, 2007, and ordered Debtors to respond to the motion by August 17, 2007.  After Debtors filed their response, however, the Bankruptcy Court determined that a hearing was not necessary,

---

[8]The "Stipulation" referred to in this passage is the November 7, 2005 stipulation through which the parties agreed to the withdrawal of the Setoff Motion.

6

and instead issued an August 21, 2007 order denying Visteon's motion.  As the basis for this ruling, the Bankruptcy Court reasoned that Visteon had not "file[d] an objection to the Joint Plan," and thus had "waived any objections that it may have had regarding confirmation of the plan."  (8/21/2007 Order.)  The court further explained that "nothing in Visteon's motion warrants reconsideration of the order confirming the plan."  (*Id.*)  Visteon now appeals from this order denying its motion for reconsideration, as well as the underlying July 18, 2007 order confirming the Plan.

## II.  ANALYSIS

### A.     The Standards Governing This Appeal

While Visteon has identified five issues on appeal, the Court agrees with Debtors that only one of these issues merits attention — namely, whether the Bankruptcy Court erred in denying Visteon's motion for reconsideration.  If the Bankruptcy Court was correct in concluding that Visteon had failed to identify a basis for revisiting the terms of the underlying July 18, 2007 order confirming the Plan, then it follows that there would be no justification for ***this Court*** to revisit the merits of this underlying order.  Rather, this Court necessarily would be obligated to affirm the July 18 order on precisely the same grounds identified by the Bankruptcy Court — specifically, that Visteon had failed to file or otherwise timely preserve any objections to the Plan that was confirmed through this order.  Simply stated, unless Visteon can identify a legally cognizable excuse for its failure to timely object to the Plan, this appeal cannot succeed.

Under Local Bankruptcy Rule 9024-1(c) of this District as it read at the time of Visteon's motion,[9] a party that seeks reconsideration of a Bankruptcy Court ruling must "demonstrate a palpable defect by which the Court and the parties have been misled," and "show that a different disposition of the case must result from a correction thereof." To establish a "palpable defect," the moving party generally must point to "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools,* 469 F.3d 479, 496 (6th Cir. 2006) (internal quotation marks and citation omitted). This Court reviews the Bankruptcy Court's denial of Visteon's motion for reconsideration for an abuse of discretion, except that any aspects of the Bankruptcy Court ruling that rest upon issues of law are reviewed *de novo. See Greenwell v. Parsley,* 541 F.3d 401, 403 (6th Cir. 2008).

**B.     The Bankruptcy Court Did Not Err in Denying Visteon's Motion for Reconsideration, Where Visteon Has Failed to Identify a Legally Valid Excuse for Its Failure to File Objections to the Plan Prior to Its Confirmation.**

Although Visteon devotes a significant portion of its brief on appeal to challenging the merits of the Bankruptcy Court's July 18, 2007 order — arguing, in particular, that this order denies Visteon an opportunity to pursue a setoff to which, in its view, it clearly is entitled — it is undisputed that Visteon did not timely object to the Plan confirmed through this order. Consequently, the threshold issue before this Court is whether the

---

[9]This rule has since been amended, but the pertinent language of the rule has remained unchanged.

Bankruptcy Court erred in determining, in its August 21, 2007 order denying Visteon's motion for reconsideration, that Visteon had "waived any objections that it may have had regarding confirmation of the plan." (8/21/2007 Order.) Absent any error in this ruling, this Court need not (and may not) consider whether there are any defects in the Bankruptcy Court's underlying July 18 order because, as Debtors correctly observe, an order confirming a Chapter 11 plan is *res judicata* as to "any issues raised or that could have been raised in the confirmation proceedings." *Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.),* 930 F.2d 458, 463 (6th Cir. 1991); *see also Slone v. M2M International, Inc. (In re G-P Plastics, Inc.),* 320 B.R. 861, 864-65 (E.D. Mich. 2005). As explained below, this Court finds no error or abuse of discretion in the Bankruptcy Court's determination that Visteon failed to identify a legally valid excuse for its failure to object to the Plan.

Before turning to the reasons put forward by Visteon for its failure to file objections to the Plan, it first is important to note what Visteon is ***not*** claiming as grounds for its inaction. First, Visteon does not contend that it lacked notice of the terms of the Plan or the orders of the Bankruptcy Court establishing a deadline for filing objections to the Plan and setting a date for hearing on confirmation of the Plan. Next, Visteon does not claim any uncertainty or confusion as to the terms of the Plan under consideration by the Bankruptcy Court. In particular, Visteon does not maintain that it was unaware, or that it lacked the means to discover, that the order confirming the Plan, by its terms, would enjoin Visteon from pursuing its claimed right of setoff.

Instead, Visteon's claim of a "palpable defect" in the July 18, 2007 order confirming the Plan rests upon its contention that this order erroneously eliminated its right of setoff "despite (1) the [November 7, 2005] Stipulation's provision that Visteon could re-file its [Setoff Motion] and (2) counsel for Collins & Aikman's repeated assurances that Visteon should refrain from re-filing its Setoff Motion because they believed the dispute could be resolved amicably." (Visteon's Br. on Appeal at 10.) In light of these circumstances, Visteon argues that it could reasonably "rely on the Debtors' repeated assurances that the issue of Visteon's setoff would be resolved and Visteon would be able to exercise its setoff," and it contends that the failure of the Plan and the Bankruptcy Court's July 18 order of confirmation to address this purported understanding regarding its right of setoff "was a palpable defect that should have been corrected by the Bankruptcy Court when brought to light by" Visteon's motion for reconsideration. (*Id.*)

Yet, as a threshold matter, Visteon's claim of a "palpable defect" rests upon a number of key factual assertions that lack any support in the record. As noted earlier, Visteon has failed to identify ***any evidentiary basis whatsoever*** for its various claims of "assurances" purportedly offered by Debtors and their counsel in the course of the parties' discussions and negotiations concerning Visteon's purported setoff right. The only item it points to in the record, the November 7, 2005 stipulation, provides merely that Visteon's Setoff Motion was being withdrawn without prejudice, thereby preserving Visteon's right to re-file this motion. Plainly, this stipulation does not reflect Debtors' acceptance of or concurrence in Visteon's claimed right of setoff, but instead indicates

only that the parties intended to discuss the matter further in lieu of litigating it before the Bankruptcy Court.[10] As to any subsequent "assurances" purportedly made by Debtors in the first half of 2007, the only record evidence on this subject is the affidavit of Debtors' counsel, Patrick Kukla, who has denied that he offered any such assurances in his discussions with Visteon's counsel.[11] Consequently, Visteon's claim of a "palpable defect" lacks evidentiary support, and the Bankruptcy Court's rulings may be affirmed on

---

[10]If it were so clear, as Visteon contends, that the validity of its setoff right was acknowledged by all parties, one would expect this sort of shared recognition to be reflected in a stipulated order resolving the Setoff Motion *in Visteon's favor,* rather than a stipulation to withdraw the motion without prejudice.

[11]In its reply brief on appeal, Visteon offers a "spin" of Mr. Kukla's affidavit — as well as the similar statements set forth in Debtors' appellate brief — that could only be characterized as wholly fanciful. In particular, Visteon makes much of the fact that Debtors, through this affidavit and in their brief, have acknowledged that Debtors were "open to resolving the issue [of Visteon's claimed setoff right] amicably." (Visteon's Reply Br. at 1.) Based on this "admission," Visteon surmises that Debtors' "professed openness to an 'amicable' resolution could only mean one thing — that it would not materially oppose Visteon's setoff claim." (*Id.* at 4.) By this logic, however, ***Visteon*** could equally well be charged with the belief that it had ***no tenable right of setoff.*** In Visteon's view, after all, a party's willingness to resolve a dispute amicably reflects its belief that its position is weak and that the opposing party is likely to prevail. Since Visteon, like Debtors, was willing to pursue an amicable resolution of the parties' dispute rather than continuing to litigate its Setoff Motion, it too must have arrived at a favorable assessment of the strength of the opposing party's position, and must have determined that it "would not materially oppose" Debtors' objections to its claim of setoff. Plainly, this is nonsense.

More generally, the Court simply fails to see how Debtors' acknowledgment of its willingness to resolve the parties' dispute amicably represents any sort of "admission" beyond what could be culled from the November 7, 2005 stipulation to withdraw the Setoff Motion. As explained, this stipulation presumably reflected the parties' shared intention at the time to continue their discussions in lieu of litigation. The record fails to reflect that any further discussions in the first half of 2007 departed in any way from this evident desire to negotiate rather than litigate. Most importantly, there is not a shred of evidence that these negotiations led to any concessions by either party, nor any "assurances" of one party's willingness to accede to the wishes of the other. To the contrary, Mr. Kukla's affidavit expressly states that he made no such concessions or assurances on Debtors' behalf.

this ground alone.[12]

In any event, to the extent that the record indicates that the parties were continuing their negotiations on Visteon's claimed right of setoff, it surely would have been prudent for Visteon to file objections to the Plan while these discussions remained ongoing, thereby preserving its opportunity to pursue a setoff if the parties failed to reach an agreement.[13] Although Visteon suggests that it need not have done so in light of Debtors' stated willingness to continue negotiating and their purported assurances that it was unnecessary to re-file the Setoff Motion in order to resolve the matter,[14] it has not cited any case law for the proposition that an opposing party's willingness to negotiate and purported assurances obviate the need to make a timely filing in accordance with the applicable law, rules, and court orders. Simply stated, another party's assurances, standing alone, cannot defeat a party's obligation to meet a court-ordered deadline, nor do they overcome counsel's duties of due diligence and prudence in determining what filings are needed (and by when) in order to preserve the client's interests. This is especially true where, as here, the party making the alleged assurances did not have any superior or additional information beyond what was available to Visteon and its counsel in

---

[12]This absence of evidence also defeats Visteon's contention that the Bankruptcy Court should have held a hearing before denying its motion for reconsideration. There simply was no record before the Bankruptcy Court that would have required further elucidation at a hearing.

[13]In their response brief on appeal, Debtors state that at least one other claimant, Johnson Controls, proceeded in precisely this fashion.

[14]Again, there is no evidence in the record of any such assurances.

12

ascertaining any applicable filing deadlines and the consequences of a failure to file. As noted earlier, Visteon does not claim that it was misled in any way as to the terms of the Plan or the legal implications of the Bankruptcy Court's entry of the July 18, 2007 order confirming the Plan.

Under these circumstances, Visteon's best (and only) argument is that any such lack of prudence and due diligence was a product of "excusable neglect." Under Federal Rule of Bankruptcy Procedure 9006(b)(1), once a filing deadline has passed, a party that wishes to make an untimely filing must bring a motion showing that its "failure to act was the result of excusable neglect." As noted by Visteon, the Supreme Court has adopted a "flexible" and "equitable" understanding of excusable neglect as used in this Rule, and has emphasized that an enlargement of time under Rule 9006(b)(1) "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 389, 391, 113 S. Ct. 1489, 1495-96 (1993). Rather, the Court has explained that "excusable neglect" encompasses at least some "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Investment Services,* 507 U.S. at 394, 113 S. Ct. at 1497. Under these standards, Visteon argues that its failure to timely file objections to the Plan was a product of excusable neglect, where Debtors purportedly were not prejudiced by this failure, where the delay between the Bankruptcy Court's July 18, 2007 order and Visteon's July 30, 2007 motion for reconsideration was minimal, and where Visteon's failure to file objections was

13

purportedly traceable in part to Debtors' alleged assurances and the parties' continuing negotiations about Visteon's claimed right of setoff.

Once again, Visteon's appeal to "excusable neglect," like its claim of a "palpable defect," fails at the very threshold of this Court's inquiry.  As Debtors point out, Visteon's motion for reconsideration rested solely upon the contention that it had no obligation to file objections, in light of Debtors' alleged assurances that Visteon would be permitted to exercise its right of setoff.  Nowhere in this motion did Visteon acknowledge any need to file objections, offer any excuse for its failure to make such a filing, or seek leave to make an untimely filing.  Moreover, this motion never mentioned Bankruptcy Rule 9006(b)(1), much less endeavored to satisfy the "excusable neglect" standard of that Rule.  Needless to say, the Bankruptcy Court cannot be said to have abused its discretion by failing to address an argument that was never made.  Nor may this Court consider for the first time on appeal a contention that was never advanced before the Bankruptcy Court.  *See White v. Anchor Motor Freight, Inc.,* 899 F.2d 555, 559 (6th Cir. 1990) ("This court will not decide issues or claims not litigated before the district court.").[15]

Even if Visteon had pursued such an argument in the court below, this Court readily concludes that the inaction of Visteon and its counsel, while certainly qualifying as "neglect," cannot be characterized as "excusable" within the meaning of Rule

---

[15]And, again, to the extent that Visteon faults the Bankruptcy Court for failing to hold a hearing at which it could attempt to satisfy the "excusable neglect" standard, there was no reason for the Bankruptcy Court to anticipate that Visteon would attempt such a showing.

9006(b)(1). Even accepting as true Visteon's unsupported assertions in its brief on appeal, the communications between counsel prior to the May 7, 2007 deadline for filing objections to the Plan consisted of (i) a February 2, 2007 request by Visteon's counsel that Debtors stipulate to the entry of an order permitting Visteon to exercise its claimed setoff right, and (ii) follow-up communications in which Visteon's counsel indicated that the company was prepared to re-file its Setoff Motion and Debtors' counsel purportedly responded that "Visteon should refrain from re-filing its Setoff Motion because he believed that the parties could resolve their dispute." (Visteon's Br. on Appeal at 2.) The more explicit assurances by Debtors' counsel that the matter would be resolved through a stipulated order — assurances which, of course, Debtors' counsel has flatly denied making — post-dated the May 7, 2007 deadline for filing objections to the Plan, as Visteon alleges these assurances were given on or around June 4, 2007. (*See id.* at 2-3.) As Debtors correctly observe, Visteon cannot rely on these latter assurances as the basis for missing a deadline that had passed almost a month earlier.

Under these circumstances, Visteon's failure to act before the filing deadline cannot be deemed "excusable." Surely, an attorney cannot reasonably act — or, as here, fail to act — solely on the basis of an opposing party's "requests" to refrain from litigation and "beliefs" that a dispute might be resolved amicably, without paying any heed to impending deadlines and filings that must be made in order to protect the client's interests. Rather, the courts have held that an attorney's misplaced reliance on other parties and strategic miscalculations do not qualify as excusable neglect. *See, e.g.,*

15

*McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 593-95 (6th Cir. 2002); *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.,* 925 F.2d 226, 229 (7th Cir. 1991); *Colangelo v. Eisen (In re Colangelo),* __ B. R. __, 2009 WL 928731, at *10 (E.D. Mich. Mar. 31, 2009); *Simon v. Pay Tel Management, Inc.,* 782 F. Supp. 1219, 1226 (N.D. Ill. 1991) ("Parties engaged in litigation frequently discuss the possible settlement of their disputes, but the mere existence of such negotiations, without more, does not excuse the parties from attending court appearances and otherwise complying with the Court's orders."), *aff'd,* 952 F.2d 1398 (7th Cir. 1992). Similarly, the case law establishes that counsel's inattention to clear filing deadlines ordinarily does not constitute excusable neglect. *See, e.g., Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 251 (2d Cir. 1997) ("Where . . . the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test."); *In re Plunkett,* 82 F.3d 738, 742 (7th Cir. 1996) ("[I]nattentiveness to the litigation is not excusable."). Accordingly, even if the Bankruptcy Court had been called upon to decide this question, it would not have erred or abused its discretion in denying a request for relief under Bankruptcy Rule 9006(b)(1).

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Bankruptcy Court's

16

July 18, 2007 and August 21, 2007 orders are AFFIRMED.


                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated:  September 29, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2009, by electronic and/or ordinary mail.

                        s/Ruth Brissaud
                        Case Manager